```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - - -x

In re:                                :

RADFORD L. GARBETT                    :    BK No. 07-10404
          Debtor                           Chapter 7


- - - - - - - - - - - - - - - - - - -x
```

### ORDER DENYING APPROVAL OF AGREEMENT TO ASSUME LEASES AND TO WAIVE DISCHARGE UNDER 11 U.S.C. § 365(p)

APPEARANCES:

    Lewis J. Paras, Esq.
    Attorney for Debtor
    PETRARCA & McGAIR
    797 Bald Hill Road
    Warwick, Rhode Island 02886

    Lynda L. Laing, Esq.
    Attorney for Creditor, Ford Motor Credit Company, as
     assignee of CAB East, LLC.
    STRAUSS FACTOR LAING & LYONS
    222 Richmond Street, Suite 208
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 07-10404

Heard on the lessor, CAB East, LLC.'s, request for Court approval of two stipulations whereby the Debtor agrees to assume leases on a 2006 Ford Escape and a 2004 Ford F150, pursuant to 11 U.S.C. § 365(p). The reason this matter is being given sua sponte scrutiny, is that in the stipulations the Debtor also agrees to "waive the effect, if any, the discharge under 11 U.S.C. § 524(a) has as to the assumed Lease Agreement[s]." Because the proposed Stipulations constitute an impermissible circumvention of § 524(c), they will not receive this Court's approval.

## DISCUSSION

A new subsection of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) amends 11 U.S.C. § 365 to include § 365(p)(2) which provides:

> (A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
> (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

*11 U.S.C. § 365(p)(2).* This section is silent as to *waiver of discharge*, and does not trump the reaffirmation provisions of Section 524(c).

1

BK No. 07-10404

The published decisions known to this Court which have construed such agreements all conclude that § 365(p) does not require court approval of agreements to assume leases. *See In re Rogers*, 359 B.R. 591, 593 (Bankr. D.S.C. 2007) (section 365(p) simply requires communication between the parties and memorialization of that assumption); *In re Finch*, 2006 WL 3900111, *1 (Bankr. D. Colo. October 2, 2006)(language in § 365(p) does not require judicial approval).

The problem here is that although the Debtor may assume leases on the subject vehicles under § 365(p) without Court approval, the agreements also contain waiver of the Debtor's discharge, which clearly is not dealt with under 365(p). *See In re Finch,* 2006 WL 3900111, at *1; *In re Rogers,* 359 B.R. at 593.  For the Debtor to effectively waive his/her discharge, the requirements of § 524(c)[1]

---

[1] 11 U.S.C. § 524(c) provides in part:
(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankrutpcy law, whether or not discharge of such debt is waived, only if –
    (1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;
    (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;

BK No. 07-10404

must be met, *see Rogers,* 359 B.R. at 593, and failure to comply with the statute will not prevent the discharge of the lease obligation. *See 11 U.S.C. § 524(c); In re Creighton,* 2007 WL 541622, *3 (Bankr. D. Mass. February 16, 2007); *see also 1-15 Collier Consumer Bankruptcy Practice Guide ¶ 15.04[8] (*if a debtor assumes a lease and there is no reaffirmation of the lease pursuant to § 524(c), the debtor's personal liability under the lease will be terminated if a chapter 7 discharge is entered).

In Judge Somma's recent opinion in *Creighton,* he correctly notes that the emergence of such contracts under § 365(p) are a "species of reaffirmation agreement[s] requiring compliance not only with §365(p) but § 524(c) as well," 2007 WL 541622, at *3, and that compliance with both sections is necessary for: (1) a lessor to enforce the assumed lease, and (2) for a debtor to effectively waive his/her discharge. *Id.*

For those reasons: (1) the request to approve the stipulations is DENIED; and (2) the so-called *waivers of discharge* in the proposed stipulations are of no force or effect and they are DENIED, because of the failure to comply with 11 U.S.C. §524(c).

---

Two of the more notable disclosures required by § 524(k), but which appear nowhere in the proposed agreements, include 'annual percentage rate' and 'amount reaffirmed'.

3

BK No. 07-10404

Enter judgment consistent with this Order.

Dated at Providence, Rhode Island, this 11th day of June, 2007.

                                                Arthur N. Votolato
                                                U.S. Bankruptcy Judge

Entered on docket: 6/11/2007